## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL CAMPBELL,

        Plaintiff,

                                      Case No.  15-12404

v.

                                 Honorable Linda V. Parker
                             Magistrate Elizabeth Stafford

SPEEDWAY, LLC,

        Defendant.

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | JOHN J. GILLOOLY (P41948) |
| CHRISTIAN P. COLLIS (P54790) | Garan Lucow Miller, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorney for Defendant |
| Attorneys for Plaintiff | 1155 Brewery Park Blvd, Ste 200 |
| 19390 West Ten Mile Road | Detroit, Michigan 48207 |
| Southfield, Michigan  48075 | Telephone:  (313) 446-5501 |
| Telephone:  (248) 355-5555 | Fax: (313) 259-0450 |
| Fax: (248)355-5148 | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff Michael Campbell, by and through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., and for his Response to Defendant's Motion for Summary Judgment states as follows:

1.     Admitted that this cause of action arises out of the serious personal injuries that Michael Campbell, a disabled individual, suffered when he tripped on an uneven area of abutting concrete slabs in the

handicap parking area of Defendant's parking lot.    Mr. Campbell struck the ground with such great force that he sustained a broken neck and bleeding in both his brain and neck.

2.    Neither admitted nor denied as the allegations contained in Plaintiff's Complaint, attached as Exhibit 1, speak for themselves.

3.    Neither admitted nor denied as the allegations contained in Plaintiff's Complaint, attached as Exhibit 1, speak for themselves.

4.    Denied as phrased; Mr. Campbell's deposition is attached as Exhibit 2.    Mr. Campbell arrived at Defendant's gas station at approximately 7:30 p.m. on March 18, 2014.  It was dark outside.  Mr. Campbell testified that upon exiting the vehicle, he was only able to take one or two steps before tripping on the uneven crack created by the abutting slabs of concrete.

5.    Admitted that photographs were taken of the area. Additionally, attached as Exhibit 3 are additional photographs of the area.

6.    Denied.  Plaintiff's Complaint properly asserts allegations of both common law premise liability as well as violations of the Americans with Disabilities Act.    Defendant's statutory obligations under the Americans with Disabilities Act establish a duty that precludes application

of Michigan's open and obvious danger doctrine.  Even if the open and obvious danger doctrine applied, when the evidence is viewed in the light most favorable to Plaintiff, the uneven crack created by the two abutting pieces of concrete in the handicap parking area was not observable to average person of ordinary intelligence upon casual inspection.  Defendant also owed a duty to Mr. Campbell because the condition was effectively unavoidable to handicap patrons such as Mr. Campbell.   When the totality of the factual evidence is considered in the light most favorable to Plaintiff, Defendant's Motion for Summary Judgment must be denied.

WHEREFORE, Plaintiff Michael Campbell respectfully requests that this Honorable Court DENY Defendant's Motion for Summary Judgment in its entirety.

Respectfully submitted,

*/s/ Christian P. Collis*
GEOFFREY N. FIEGER (P30441)
HRISTIAN P. COLLIS (P54790)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff

Dated:  April 20, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL CAMPBELL,

       Plaintiff,

                                Case No.  15-12404

v.

                        Honorable Linda V. Parker
                      Magistrate Elizabeth Stafford

SPEEDWAY, LLC,

       Defendant.

---

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | JOHN J. GILLOOLY (P41948) |
| CHRISTIAN P. COLLIS (P54790) | Garan Lucow Miller, P.C. |
| Fieger, Fieger, Kenney & Harrington, P.C. | Attorney for Defendant |
| Attorneys for Plaintiff | 1155 Brewery Park Blvd, Ste 200 |
| 19390 West Ten Mile Road | Detroit, Michigan 48207 |
| Southfield, Michigan  48075 | Telephone:  (313) 446-5501 |
| Telephone:  (248) 355-5555 | Fax: (313) 259-0450 |
| Fax: (248)355-5148 | |

---

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**


**\*\*\*\*   ORAL ARGUMENT REQUESTED   \*\*\*\*\***

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

INDEX OF AUTHORITIES.................................................................. ii

STATEMENT OF QUESTIONS PRESENTED ................................................. iv

CONTROLLING AND MOST ................................................................ v

APPROPARIATE AUTHORITY ........................................................... v

STATEMENT OF FACTS.................................................................1

STANDARD OF REVIEW ................................................................7

LEGAL ARGUMENT ....................................................................9

I.     Plaintiff's Complaint asserts allegations of both common law premise liability as well as violations of the Americans with Disabilities Act. Defendant's statutory obligations under the Americans with Disabilities Act establish a duty that precludes application of Michigan's open and obvious danger doctrine.......................................9

II.    Late in the evening on March 18, 2014, Michael Campbell tripped and fell almost immediately after exiting his wife's vehicle due to an uneven crack that was created by two abutting pieces of concrete in the handicap parking area of Defendant's gas station.  That uneven crack was not observable to average person of ordinary intelligence upon casual inspection.............................................15

III.   Should the Court determine that the uneven crack caused by the abutting slabs of concrete was open and obvious, Defendant still owed a duty to Mr. Campbell.  When special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk...............................................21

IV. There is no merit to Defendant's unsupported allegation that the uneven crack created by the abutting slabs of concrete that caused Mr. Campbell's fall was not a dangerous condition....................................23

CONCLUSION AND RELIEF REQUESTED....................................24

## INDEX OF AUTHORITIES

## CASES

*60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432 (6th Cir. 1987) ..........................8

*Abke v. Vanderbverg*, 239 Mich. App. 359, 608 N.W.2d 73 (2000)....................17

*Allstate Ins. Co. v Thrifty Rent-A-Car Sys., Inc.,*
    249 F.3d 450 (6th Cir. 2001).........................................................................7

*Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185 (1995) ........passim

*Corey v. Davenport College of Business (On Remand),*
    251 Mich. App. 1, 649 N.W.2d 392 (2002)................................................16

*Douglas v. Edgewater Park Co.,* 369 Mich. 320, 119 N.W.2d 567 (1963) ..........12

*Glancy v City of Roseville,* 457 Mich. 580, 577 N.W.2d 897 (1998)....................23

*Henson v. National Aeronautics and Space Administration,*
    14 F.3d 1143 (6th Cir. 1994).........................................................................8

*Hughes v. PMG Building,* 227 Mich App 1, 574 N.W.2d 691 (1997)................17

*James v. Alberts,* 464 Mich. 12, 626 N.W.2d 88 (2000).........................................15

*Johnson v. Bobbie's Party Store,* 189 Mich. App. 652,
    473 N.W.2d 796 (1991) ........................................................................ 11, 12

*Jones v. Enertel, Inc.,* 467 Mich. 266, 650 N.W.2d 334 (2002) .............................9

*Kendall v. Hoover Co.,* 751 F.2d 171 (6th Cir. 1984) .............................................8

*Kennedy v. Great Atlantic & Pacific Tea Co.,* 274 Mich. App. 710,
    737 N.W.2d 179 (2007).........................................................................iv, 9

*Lugo v. Ameritech Corp,* 464 Mich. 512, 629 N.W.2d 384 (2001).......... 15, 17, 21

*Martin v. Ohio Turnpike Commission,* 968 F.2d 606 (6th Cir. 1992)....................7

*Novotney v. Burger King Corp. (On Remand),* 198 Mich. App. 470, 499 N.W.2d
    379 (1993)........................................................................................................16

*O'Donnell v. Garasic,* 259 Mich. App. 569, 676 N.W.2d 213 (2003) .................16

*Price v. Kroger Co. of Michigan,* 284 Mich. App. 496,
    773 N.W.2d 739 (2009)........................................................................iv, 15

*Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85,
    485 N.W.2d 676 (1992) ...................................................................16

*Siorakes v. Target Corp.* No. 295034, 2011 WL 1564616
    (Mich. Ct. App. April 26, 2011) ...................................... 18, 19, 23

*Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286 (6th Cir. 1999) ...........iv, 10, 11, 13

*Stitt v. Holland Abundant Life Fellowship,* 462 Mich. 591,
    614 N.W.2d 88 (2000) ...................................................................15

*v. Anderson Sales & Service, Inc.,* 426 Mich. 78, 393 N.W.2d 356 (1986)..........12

*Vansteenkiste v Lakeside Mall, LLC,* No. 12-15055, 2014 WL 2744172 (E.D.
    Mich. 2014) ..................................................................................13

*Watts v. Michigan Multi-King, Inc.,* 291 Mich. App. 98,
    804 N.W.2d 569 (2010) .................................................................16

*Welch v. Total Petroleum, Inc.,* No. 208505, 1999 WL 33445049
    (Mich. Ct. App. May 14, 1999) ......................................iv, 17, 18, 23

*Woodbury v. Bruckner* (On Remand), 248 Mich. App. 684,
    650 N.W.2d 343 (2001) .................................................................22

*Zalut v Andersen & Associates, Inc.,* 186 Mich. App. 229,
    463 N.W.2d 236 (1990) .................................................................12

**STATUTES**

28 CFR 36.403(a) ................................................................................9

42 USC § 12181..................................................................................9

MCL 554.139......................................................................................11

**OTHER AUTHORITIES**

*Random House Webster's College Dictionary* (2001)..............................................16

**RULES**

Fed. R. Civ. P. 56(c) ..........................................................................7

## STATEMENT OF QUESTIONS PRESENTED

I.   Plaintiff's Complaint asserts allegations of both common law premise liability and violations of the Americans with Disabilities Act.  Do Defendant's statutory obligations under the Americans with Disabilities Act create an independent duty that precludes application of Michigan's open and obvious danger doctrine?

           Plaintiff says:      Yes
           Defendant says:  No

II.  When the evidence is viewed in the light most favorable to Plaintiff, has Plaintiff established that the uneven crack in the handicap parking area of Defendant's gas station was not observable to an average person of ordinary intelligence upon casual inspection?

           Plaintiff says:      Yes
           Defendant says:  No

III. If the uneven crack was observable to an average person of ordinary intelligence upon casual inspection, did Defendant still owe a duty to Mr. Campbell given that the condition was effectively unavoidable?

           Plaintiff says:      Yes
           Defendant says:  No

IV.  Was the uneven crack created by the abutting slabs of concrete that caused Mr. Campbell's fall a dangerous condition?

           Plaintiff says:      Yes
           Defendant says:  No

## CONTROLLING AND MOST
## APPROPARIATE AUTHORITY

- *Kennedy v. Great Atlantic & Pacific Tea Co.,* 274 Mich. App. 710, 737 N.W.2d 179 (2007). This case recognizes that, in Michigan, the open and obvious danger doctrine does not apply if a negligence action is premised on the violation of a statute rather than on common-law principles of premise liability.

- *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286 (6th Cir. 1999). This case considered the applicability of the Americans with Disabilities Act to a plaintiff's negligence claim against Wal-Mart for its failure to equip bathrooms with grab bars. In utilizing the ADA, the Court considered a Georgia statute that parallels the holding in *Kennedy, supra*.

- *Price v. Kroger Co. of Michigan,* 284 Mich. App. 496, 773 N.W.2d 739 (2009). This case discusses Michigan's open and obvious danger doctrine and the analysis that should be used when considering the doctrine.

- *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 537 N.W.2d 185 (1995). This case discussed both Michigan's open and obvious danger doctrine as well as the concept of "special aspects" as it applies to Michigan premise liability law.

- *Welch v. Total Petroleum, Inc.,* No. 208505, 1999 WL 33445049 (Mich. Ct. App. May 14, 1999). This case applied Michigan's open and obvious danger doctrine to facts almost identical to Mr. Campbell's fall and determined that questions of fact existed such that the defendant's motion for summary disposition must be denied.

## STATEMENT OF FACTS

On March 18, 2014, Plaintiff Michael Campbell was seriously injured after tripping and falling on an uneven area of abutting concrete slabs in the handicap parking area of Defendant's parking lot.  The undisputed evidence shows that Mr. Campbell exited his vehicle and took one or two steps before his foot struck the uneven area and he flung forward.  Mr. Campbell struck the ground with such great force that he sustained a broken neck and bleeding in both his brain and neck.

Plaintiff Michael Campbell was 68 years of age at the time of the fall. After 31 years working for General Motors, Mr. Campbell formally retired after being certified disabled by the Social Security Administration in 2002.[1] Mr. Campbell was disabled due to deformities of his right foot and leg.  *Id.* In the fourteen years since being disabled, Mr. Campbell has experienced additional health issues. *Id.* at 17-19.   In 2014, his medical diagnoses included congestive heart failure, sleep apnea, coronary artery disease, diabetes, degenerative disk disease, and chronic renal failure that required dialysis three times a week.  *Id.* at 17-19, 22.  In fact, at the time of his fall at Defendant's gas station, Mr. Campbell's right arm was immobilized in a

---

[1] Exhibit 2, Deposition of Michael Campbell, p. 11.

1

sling due to an earlier fracture of his right arm.  *Id.* at 20-21.

### *Mr. Campbell Falls in the Handicap Parking Area*

On March 18, 2014, Mr. Campbell and his wife, Nancy, stopped at the Speedway gas station on Irish Road in Davison, Michigan, to purchase a cup of coffee.  *Id.* at 31.  It was approximately 7:30 p.m.  *Id.*  "It was night."  *Id.*  "It was dark."  *Id.*  They stopped at Defendant's gas station en route to pick up their son.  *Id.* at 32.  Mrs. Campbell, who was driving, pulled into the handicap parking space next to the store's entrance.[2]  *Id.* at 33.

Once the vehicle was parked, Mr. Campbell, who was in the passenger seat, exited the vehicle and began walking toward the door.  *Id.* at 33.  Unfortunately, Mr. Campbell was only able to take "one or two" steps before he felt his foot trip against an uneven area where two concrete slabs abut.  *Id.* at 33-34.  The force of the fall caused Mr. Campbell's body to fling forward, striking the ground.  *Id.* at 35.  Mr. Campbell described the area of his fall as follows:

Q.    Okay. And what did you trip on?

A.    I tripped on a ledge.

---

[2] Nancy Campbell is also disabled.  She has been on disability since an automobile accident in 2006.  Exhibit 2, p. 8.

Q.     Okay. And what type of ledge was it?

A.     It was an uneven - between where the one pavement meets the other pavement.

                    *                    *                    *

Q.     Did you trip on two uneven portions of slabs of concrete that were adjacent to one another?

A.     . . . It was two uneven portions, but I think one was concrete and one was blacktop.

*Id.* at 34.  That area is pictured below:





(Exhibit 3, Photographs)

Later that evening, Mr. Campbell was taken to the hospital and diagnosed with a fracture of his neck and bleeds in his brain and neck (aka hematomas). *Id.* at 24, 29-30.

### *Defendant's Employees Knew of the Dangerous Condition for Years*

Defendant's employees admit that the uneven area that caused Mr. Campbell to fall has existed for years. (Exhibit 4, Deposition of Suzette Barrett, p. 16) Suzette Barrett, who is a General Manager of Speedway, admitted that the defect has been present since the store opened in 2006. *Id.* Ms. Barrett testified as follows:

> Q.   And what I'd like to know, since you've been there since 2006, what appears to be a crack or a difference in a seam between two cement pieces, how long has that area been like that since the store opened in 2006?
>
> A.   Since the store opened.

*Id.* at 16.

Ashley Fenlon was an employee working at the store on the night of Mr. Campbell's fall.  (Exhibit 5, Deposition of Ashley Fenlon, p. 17). Ms. Fenlon admitted that the uneven crack runs through the entire parking lot, including the handicap parking area where Mrs. Campbell parked.  Ms. Fenlon testified as follows:

> Q.   This lip in the concrete, does that run -- how long does this lip in the concrete run, like, lengthwise?
>
> A.   I want to say, almost through the whole parking lot.
>
> Q.   And it runs through the handicapped parking areas?
>
> A.   Yes.
>
> Q.   And do you know how long that lip or that crack in the concrete has been there?
>
> A.   I don't.

Q.    Has it been there at least since the length of
      time that you've been employed there?

A.    Yes.

*Id.* at 20-21, 29.  Ms. Fenlon conceded that in order to enter the store, a

customer has to encounter the uneven crack:

Q.    Is it accurate to say it actually goes through the
      area where there's no parking in the front
      entrance of the store?

A.    Yes.

Q.    Any customer that would be going to the store
      would encounter that crack or lip; correct?

A.    Correct.

*Id.* at 29.

### ***Plaintiff's Complaint***

On June 15, 2015, Plaintiff filed his Complaint against Defendant in

the Genesee County Circuit Court.  Defendant, a Delaware corporation,

subsequently removed this matter to this Court.  Dkt No. 3.  Plaintiff's

Complaint, which is attached as Exhibit 1, asserts the following allegations

of negligence against Defendant regarding the cracked, uneven portion of

concrete in the handicap parking area:

6

      a.     Failure to exercise reasonable care in maintaining a dangerous condition;

      b.     Failure to properly maintain the subject pavement to keep it free and clear of known hazards;

      c.     Failure to keep the parking spots in a proper state of repair and/or maintenance, free from hazardous conditions;

      d.     Violation of the Americans with Disabilities Act; 28 C.F.R. 36.403 et.al.; failing to maintain an access to the entrance of the building and a handicap parking space that is level with surface slopes; and

      e.     Any and all other negligence that becomes known through the course of litigation.

Exhibit 1, p. 3.

## STANDARD OF REVIEW

Michigan law governs Plaintiff's claims in this diversity action. *Allstate Ins. Co. v Thrifty Rent-A-Car Sys., Inc.,* 249 F.3d 450, 454 (6th Cir. 2001).

Defendant's Motion for Summary Judgment is brought pursuant to Fed. R. Civ. P. 56(c).  In accordance with this rule, summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Martin v. Ohio Turnpike Commission,* 968 F.2d 606, 608 (6th

Cir. 1992). In considering such a motion, the Court must view the facts and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is neither permitted nor required to judge the evidence or make findings of fact. *Id.*

"A fact is 'material' for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or defense advanced by the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984). In other words, the disputed fact must be one which might affect the outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration,* 14 F.3d 1143, 1148 (6th Cir. 1994). A fact is "material," if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

## LEGAL ARGUMENT

**I.**   **Plaintiff's Complaint asserts allegations of both common law premise liability claims as well as violations of the Americans with Disabilities Act.   Defendant's statutory obligations under the Americans with Disabilities Act establishes a duty that precludes application of Michigan's open and obvious danger doctrine.**

"If a negligence action is premised on the violation of a statute rather than on common-law principles of premise liability, then the open and obvious danger doctrine will not apply."  *Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710, 720-721, 737 N.W.2d 179 (2007).[3]    Here, Plaintiff's Complaint asserts both traditional premise liability claims as well as violations of the Americans with Disabilities Act (hereafter "ADA").  As the Court is aware, the ADA was implemented as a means to provide safe access and use of public facilities by disabled person.    In accordance with Title III of the ADA, found at 42 USC § 12181, *et seq*, places of public accommodation, including commercial facilities, are to be designed and constructed in compliance with the accessibility requirements of the ADA.

As a place of public accommodation, Defendant Speedway was required to maintain its gas station in manner that could safely

---

[3]  *See also, Jones v. Enertel, Inc.*, 467 Mich. 266, 270, 650 N.W.2d 334 (2002).

accommodate disabled individuals such as Mr. Campbell.  In accordance with 28 CFR 36.403(a), a private entity must construct a path that is readily accessible to and useable by individuals with disabilities.[4]  Subsection (e) goes on to explain that a "path of travel" includes a "continuous, unobstructed way of pedestrian passage . . . ."  It is further noted that "an accessible path of travel may consist of walks and sidewalks, curb ramps, and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."

The Sixth Circuit Court of Appeals considered the applicability of the ADA to a plaintiff's negligence claim against Wal-Mart for its failure to equip bathrooms with grab bars in *Smith v. Wal-Mart Stores, Inc.,* 167 F.3d 286 (6th Cir. 1999).  That case was considered in the context of a Georgia statute that parallels the holding in *Kennedy, supra*.  The statute, Ga. Code Ann. § 51-1-6 states:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may  injure another, although no cause of action is given in express terms, the injured party

---

[4]  Defendant's store was constructed in 2006, which was after enactment of the ADA.  Exhibit 4, p. 16.

may recover for the breach of such legal duty if he
suffers damage thereby.

*Smith,* 167 F.3d at 293.

The plaintiff, who was also disabled, argued that she had a cause of
action for negligence per se based upon Wal-Mart's violation of an ADA
provisions requiring handrails in bathrooms.  The district court granted the
defendant's motion for summary judgment based on the fact that the ADA
does not provide for a private cause of action.  *Id.* at 293.  The Sixth Circuit
reversed, stating in part:

> ADA contains no provision barring application of it
> as a basis for a state cause of action.  Nor is there
> any mention in § 51-1-6 that an injured person must
> have a private cause of action under the statute in
> order for it to be used to establish a duty of care.
>
> *                    *                    *
>
> Taking all this into account, we believe that if the
> Georgia Supreme Court were faced with the facts of
> this case, it would conclude (1) that whether Wal-
> Mart was in violation of the ADA by not installing
> grab bars in the toilet stall used by plaintiff, and
> thus was negligent per se, is a question for the jury,
> and (2) that Mrs. Smith has a private right of action
> against Wal-Mart under Georgia law for its failure
> to implement any ADA-mandated requirements
> designed for the protection of persons such as
> herself.

*Smith,* 167 F.3d at 295.

In Michigan "it is well established that . . . violation of a statute creates a rebuttable presumption of negligence . . . ." *Johnson v. Bobbie's Party Store,* 189 Mich. App. 652, 661, 473 N.W.2d 796 (1991).[5]   When a defendant fails to comply with the law, i.e. not follow the ADA or fail to maintain a rental property consistent with MCL 554.139, an injured party may recover for the breach of that statutory obligation.  The open and obvious danger doctrine, discussed below, does not apply.  Similarly, negligence can be inferred based on the violation of a licensing statute, *Klanseck v. Anderson Sales & Service, Inc.,* 426 Mich. 78, 86, 393 N.W.2d 356 (1986).

Michigan law also recognizes that where a plaintiff alleges a violation of an administrative rule, ordinance, or regulation, such violations are admissible as evidence of negligence.  *Johnson,* 189 Mich. App. at 661 and *Douglas v. Edgewater Park Co.,* 369 Mich. 320, 328, 119 N.W.2d 567 (1963).  For example, violations of safety statutes, such as MIOSHA, are admissible as evidence of negligence.  *Zalut v Andersen & Associates, Inc.,* 186 Mich.

---

[5] *See also Kennedy, supra;  O'Donnell v. Garasic,* 259 Mich. App. 569, 676 N.W.2d 213 (2003); and *Jones,* 467 Mich. at  270.

App. 229, 235-236, 463 N.W.2d 236 (1990).

Here, Plaintiff has satisfied all of the requirements necessary to proceed on a theory of negligence based on Defendant's failure to comply with the requirements of the ADA.  Mr. Campbell is a disabled American who is entitled to the protections of the ADA.  The Act was clearly intended to insure that disabled individuals, like Mr. Campbell, had equal access to commercial establishments, such as Defendant's gas station.  Defendant's gas station was built after enactment of the ADA.  The provisions cited above specifically required Defendant to provide a path of travel that includes a continuous, unobstructed way of pedestrian passage.  Here, Defendant failed to meet its ADA mandated obligation to Mr. Campbell.  At a minimum, the issue must be submitted to the trier of fact.

Defendant's Brief relies extensively on *Vansteenkiste v. Lakeside Mall, LLC,* No. 12-15055, 2014 WL 2744172 (E.D. Mich. 2014) in support of dismissal of Plaintiff's negligence claims that rely on the ADA.  However, *Vansteenkiste* should be carefully considered.  The ADA was not even pled as part of the plaintiff's complaint at the time that the court analyzed the issue.  In what seems like an afterthought by that plaintiff, the plaintiff sought to amend her complaint to add such a claim.  *Smith, supra* was not

13

even mentioned.  Additionally, there are factual distinctions between the dangerous condition encountered by Mr. Campbell and the condition that caused Ms. Vansteenkiste's injuries.  For example, the court stated:  "the instant case does not involve a curb-sidewalk juncture that was allegedly noncompliant with this provision." *Id.* at *9.  Unlike *Vansteenkistke,* Mr. Campbell's situation was near the entrance where the concrete met the asphalt.  Exhibit 2, p. 34.  This is an obviously appreciable difference from *Vansteenkiste.*

It is troubling how Defendant simply turned a blind eye to the disrepair of its entryway and handicap parking area.  That uneven crack has existed for many years.  Exhibit 3 shows how the crack cuts through the handicap parking area near where most disabled Americans would be exiting their parked vehicle and unable to appreciate the hazard that lays just steps from their feet.  To a disabled American who relies on specialized footwear, a walker, a cane, or other assistive devices, the uneven crack is a significant danger and an impediment to unobstructed mobility.  Plaintiff has properly asserted claims based on Defendant's violations of the ADA.  Those claims must be submitted to the finder of fact.  Defendant's motion for summary judgment must be denied.

**II.**   **<u>Late in the evening on March 18, 2014, Michael Campbell tripped and fell almost immediately after exiting his wife's vehicle due to an uneven crack that was created by two abutting pieces of concrete in the handicap parking area of Defendant's gas station.   That uneven crack was not observable to average person of ordinary intelligence upon casual inspection.</u>**

In Michigan, the property owner has a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition on the land.[6]   Where the plaintiff is an invitee, as Mr. Campbell was, "the property owner in control of the premises . . . [has] a duty to inspect the premises for hazards that might cause injury."[7]   "The landowner's duty encompasses not only warning an invitee[8] of any known dangers, 'but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards.'"  *Price,* 284 Mich. App. at 500, citing *James v. Alberts,*

---

[6]  *Lugo v. Ameritech Corp,* 464 Mich. 512, 516, 629 N.W.2d 384 (2001); *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 609, 537 N.W.2d 185 (1995).

[7]  *Price v. Kroger Co. of Michigan,* 284 Mich. App. 496, 500, 773 N.W.2d 739 (2009).

[8]  An invitee is a person who enters the land of another "upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception.  *Stitt v. Holland Abundant Life Fellowship,* 462 Mich. 591, 597-598, 614 N.W.2d 88 (2000).

15

464 Mich. 12, 20, 626 N.W.2d 88 (2000).

The duty owed by a property owner, however, does not extend to dangers that fall within Michigan's open and obvious danger doctrine.  If the invitee knows of a danger or, because of the obviousness of the danger the invitee can reasonably be expected to discover it, the premises possessor does not owe a duty to warn or protect the invitee unless the premises possessor should anticipate the harm despite the invitee's knowledge of it.[9]  "The test for an open and obvious danger focuses on the inquiry: Would an average person of ordinary intelligence discover the danger and the risk it presented on casual inspection?"  *Price,* 284 Mich. App. at 501.

The open and obvious danger doctrine requires that the hazard be "obvious" upon "*casual* inspection."[10]   The word "casual" means "happening by chance," without definite or serious intention," "off hand." *Random House Webster's College Dictionary* (2001). Thus, a casual inspection

---

[9] *Riddle v. McLouth Steel Products Corp.,* 440 Mich. 85, 96, 485 N.W.2d 676 (1992); *Novotney v. Burger King Corp. (On Remand),* 198 Mich. App. 470, 475, 499 N.W.2d 379 (1993).
[10] *Watts v. Michigan Multi-King, Inc.,* 291 Mich. App. 98, 105, 804 N.W.2d 569 (2010) citing *O'Donnell v. Garasic,* 259 Mich. App. 569, 676 N.W.2d 213 (2003).

is one that occurs in an offhand manner, without definite and serious intention.  "The inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Corey v. Davenport College of Business (On Remand)*, 251 Mich. App. 1, 5, 649 N.W.2d 392 (2002).  It is an objective test. *Id.*

It is universally established that a hazardous condition is not open and obvious as a matter of law if the nature of the risk is inadequately illuminated or otherwise hidden, concealed, or obscured.  See *Lugo*, 464 Mich. at 521 (parking lot pothole is open and obvious if nothing disguised its appearance); *Bertrand*, 449 Mich. at 622 (vending machine obscured danger of steps); *Abke v. Vanderbverg*, 239 Mich. App. 359, 362-363, 608 N.W.2d 73 (2000) (testimony that loading dock area was dark precluded a directed verdict on the issue that the hazard was open and obvious); *Hughes v. PMG Building*, 227 Mich App 1, 11, 574 N.W.2d 691 (1997) (placement and siding on roof overhang obscured hazard of collapse, leaving fact question on issue of open and obvious).

The issues presented in this case are analogous to the Michigan Court of Appeals opinion in *Welch v. Total Petroleum, Inc.*, No. 208505, 1999 WL

33445049 (Mich. Ct. App. May 14, 1999)(Exhibit 6). *Welch* also involved a

trip and fall during the evening on an uneven portion of concrete in a gas

station parking lot.  In that case, the Court reviewed the factual record and

determined that summary disposition for the defendant must be reversed.

In explaining its decision, the Court stated:

> Here, an average person traversing the parking lot
> of defendant's indisputably busy gas station at
> night, or even at dusk, while necessarily keeping a
> watchful eye on traffic, would likely not have
> discovered the 1 to 1 ½ inch heave in the concrete.
> Although the heave was sufficiently large to trip
> someone, it was not necessarily large enough to be
> visible in ill-lit, distracting conditions, especially
> since both the low and high surfaces of the uneven
> concrete were the same dull, gray color.
> Accordingly, the trial court erred in concluding that
> the danger posed by the heave was open and
> obvious as a matter of law.

*Id.* at *1.

The facts presented in *Welch* are almost identical to the case at bar.

Mr. Campbell also encountered a busy gas station during the evening

hours.  He also encountered a heave (uneven area) in the concrete that was

between an inch or two inches.  As appreciated in *Welch*, casual inspection

in such conditions would involve keeping a watchful eye for traffic, other

pedestrians, etc.   Casual  inspection  would  not  involve  searching  the

ground directly beneath ones feet for possible dangers when exiting a vehicle.

The hazards of Defendant's parking lot are also analogous to those encountered by the plaintiff in *Siorakes v. Target Corp.* No. 295034, 2011 WL 1564616 (Mich. Ct. App. April 26, 2011) (Exhibit 7).  In that case, the plaintiff fell and was injured after she stubbed her toe in the parking lot. While awaiting medical treatment, the plaintiff noticed an area of uneven cement near where she was walking.  Upon later returning to the scene, Ms. Siorakes' husband observed a discontinuity between a slightly raised concrete piece and the adjoining slabs of cement.  *Id.* at *1.  The height differential of the slope and the nearby slab of sidewalk measured between one-half and seven eighths of an inch.  *Id.*  The trial court granted Target summary disposition.  The Court of Appeals reversed.  In analyzing the open and obvious danger doctrine, the Court stated:

> The defect is difficult to discern in the photographs, in part because of its small size and in part because of its color and contours blend with the surrounding sidewalk.  We conclude that reasonable minds viewing the photographs could differ with respect to whether the area of the sidewalk discontinuity qualified as open and obvious to a reasonable invitee on casual inspection. See M Civ JI 19.03.  Accordingly, the open and

> obvious danger doctrine does not afford a basis for
> summary disposition of Siorakes's premises liability
> claim.

*Id.* at *3.

Defendant is not entitled to summary judgment based on Michigan's open and obvious danger doctrine. The uneven crack created by the abutting slabs of concrete was only steps away from Mr. Campbell's feet when he exited the vehicle, and the crack was not visible upon casual inspection. When the totality of the facts are considered in the light most favorable to Plaintiff, it is clear that questions of fact exist that must be decided by the jury. Mr. Campbell is a disabled individual who exited his vehicle on a dark March evening at approximately 7:30 p.m. He was looking forward, as one would expect. The crack was almost directly under his feet as he exited the vehicle. He was only able to take one or two steps before he fell. Shadowed by his vehicle, Mr. Campbell would not have been able to perceive the area. "Casual inspection" would not require him to perceive that area. When exiting a vehicle you look out, not down. Defendant's motion for summary judgment must be denied.

**III.** **Should the Court determine that the uneven crack caused by the abutting slabs of concrete was open and obvious, Defendant still owed a duty to Mr. Campbell.  When special aspects of a condition make even an open and obvious risk effectively unavoidable, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.**

Even if this Court concludes that the uneven crack created by the abutting slabs of concrete was open and obvious, there remains a genuine issue of material fact as to whether the defect was effectively unavoidable and unreasonably dangerous. "[A] premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo,* 464 Mich. at 517.

In *Bertrand*, the Michigan Supreme Court held that the unique character, location or conditions surrounding ordinary steps have the potential to make them unreasonably dangerous despite their obviousness. *Bertrand,* 449 Mich. at 617.  In *Lugo*, the Court explained the concept of "special aspects" and gave examples of what would constitute a special aspect.  The Court looked to whether the condition had the potential for a uniquely high likelihood or severity of harm or whether the defect was

21

effectively unavoidable.

Michigan law has always held that questions of reasonableness are for the jury to decide, and where reasonable minds can differ, it is for the jury to determine whether the risk was "open and obvious" or posed a risk of "unreasonable" harm.  In *Bertrand*, the Michigan Supreme Court held that "if the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide . . . . . If the jury determines that the risk of harm was unreasonable, then the scope of the defendant's duty to exercise reasonable care extended to this particular risk".  *Bertrand*, 449 Mich. at 617.  See also, *Woodbury v. Bruckner* (On Remand), 248 Mich. App. 684, 693-684, 650 N.W.2d 343 (2001).

The uneven crack created by the abutting slabs of concrete was effectively unavoidable.  The uneven crack was located immediately adjacent to the door and directly under the area where unsuspecting handicap passengers, such as Mr. Campbell, would park and exit their vehicles.  It extended over the most immediate, direct path to the only entrance.  Moreover, the uneven crack spanned the entirety of the parking lot, rendering it effectively unavoidable.  Defendant's employees admitted

that they were well aware of this danger; they simply chose not to do anything about it. Such an apathetic rationale is inexcusable. Because the uneven crack caused by the abutting slabs of concrete was effectively unavoidable, Defendant's motion for summary judgment must be denied.

## IV. There is no merit to Defendant's unsupported allegation that the uneven crack created by the abutting slabs of concrete that caused Mr. Campbell's fall was not a dangerous condition.

In an 'everything and the kitchen sink' attempt to avoid responsibility for Mr. Campbell's injuries, Defendant argues that the uneven crack caused by the abutting slabs of concrete was not a dangerous condition. That argument flies in the face of the case law cited above. Both *Welch* and *Siorakes, supra* involved dangers associated with uneven portions of concrete in a parking lot. Additionally, in the context of municipalities, the dangers associated with uneven slabs of sidewalk are a frequent topic of litigation. *See Glancy v City of Roseville,* 457 Mich. 580, 577 N.W.2d 897 (1998).

In an attempt to support this baseless argument, Defendant's Brief cites to case law that addresses issues primarily of causation. That case law

is not applicable here.  Mr. Campbell realized immediately after falling what caused him to fall.  He testified consistent throughout his deposition that the uneven crack created by the abutting slabs of concrete caused his fall.  Exhibit 2, p. 15, 33-34, 35, 40.  There is no causation defense to Plaintiff's claims.  Defendant's motion for summary judgment must be denied.

### CONCLUSION AND RELIEF REQUESTED

Defendant invited patrons, including Plaintiff, onto its premises and provided handicap parking spaces that were required to be maintained in accordance with the Americans with Disabilities Act.  Those parking spaces were immediately adjacent to the entrance.  On March 18, 2014, Mr. Campbell, a disabled American, exited his wife's vehicle and took one or two steps along the most immediate, direct route to the only entrance for Defendant's gas station.  His casual inspection did not reveal the uneven crack almost immediately under his feet.  When the totality of the factual evidence is considered in the light most favorable to Plaintiff, Defendant's Motion for Summary Judgment must be denied.

Respectfully submitted,

*/s/ Christian P. Collis*
GEOFFREY N. FIEGER (P30441)
CHRISTIAN P. COLLIS (P54790)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff

Dated:  April 20, 2016

## PROOF OF SERVICE

I hereby certify that on April 20, 2016, the above document was served upon all counsel of record via electronic and first class mail.  I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

*/s/ Denise A. Herig*
Denise A. Herig, Paralegal to
Christian P. Collis, Esq