UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CAMPBELL,

        Plaintiff,              Civil Case No. 15-12404
                                         Honorable Linda V. Parker

v.

SPEEDWAY LLC,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 18]**

      Plaintiff Michael Campbell ("Plaintiff") filed this lawsuit in state court against Defendant Speedway LLC ("Defendant") after Plaintiff tripped in the handicap parking area of Defendant's parking lot. Defendant removed the action to federal court on the basis of diversity jurisdiction on July 6, 2015. (ECF No. 1.) In the Complaint, Plaintiff asserts one count of premises liability against Defendant under state law and the Americans with Disabilities Act.[1] (*Id.*) Presently before the Court is Defendant's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56. Finding the facts and legal arguments sufficiently presented in the parties' pleadings, the Court is dispensing with oral argument with

---

[1] In the Complaint, Plaintiff also mentions that Defendant breached their duty through "[a]ny and all other negligence that becomes known through the course of litigation."

respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court is granting in part and denying in part Defendant's motion.  (ECF No. 18.)

## I.     Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.  Factual Background

On March 18, 2014, at around 7:30 pm, Plaintiff arrived at Defendant's gas station located in Davison, Michigan. (ECF Nos. 20 at Pg ID 180; 18-2 at Pg ID 112.) Plaintiff's wife parked her vehicle in a handicap parking spot upon arrival while Plaintiff was located in the passenger seat. (ECF No. 18 at Pg ID 79, 89.) When Plaintiff exited the vehicle, he took one to two steps forward and "tripped and fell on at least [a] two-inch raised crack that was located in the handicap space." (ECF No. 18-2 at Pg ID 113.) As a result, Plaintiff alleges that he suffers and will continue to suffer from multiple medical injuries, including hematoma on the brain; fracture at C4-C5; multiple stitches to his face; and scarring to the neck and head. (*Id.* at Pg ID 113-14.)

Plaintiff tripped over "an uneven area of abutting concrete slabs." (ECF No. 20 at Pg ID 188.) Defendant states that the difference in height between the two slabs is "far less than the claimed two inch height difference." (ECF No. 18 at Pg ID 91.) While Plaintiff's complaint alleges the height difference was two inches (*Id.* at Pg ID 113), Plaintiff's response to Defendant's motion for summary judgment states the difference was "between an inch or two inches" (ECF No. 20 at Pg ID 205).

Plaintiff does not recall anything blocking his vision when he exited from the vehicle. (ECF No. 18 at Pg ID 90.) However, it was dark when Plaintiff and his wife arrived to purchase a cup of coffee from Defendant. (ECF No. 20 at 189.)

## III. Defendant's Arguments and Plaintiff's Response

In its motion for summary judgment, Defendant argues that it is not liable for Plaintiff's accident because the uneven concrete was an open and obvious danger. (ECF No. 18 at Pg ID 86.) Defendant contends that there are no special aspects of the condition that would remove this case from the open and obvious doctrine. (*Id.*) Defendant also argues that Plaintiff cannot make a claim under the Americans with Disabilities Act ("ADA"), 28 CFR § 36.403, because the drafters did not intend for the statute to focus on safety standards for walkways and the statute does not provide for a cause of action for damages in tort or under any other theory. (*Id.*)

4

Plaintiff contends in response that there is a genuine issue of material fact with respect to whether the uneven pavement was an open and obvious danger. (ECF No. 20 at Pg ID 207.) Plaintiff also argues that he is able to satisfy the elements necessary to establish a claim under the ADA. (*Id.* at Pg ID 200.)

## IV.   Applicable Law and Analysis[2]

### A.   Premises Liability

Under Michigan law, a plaintiff asserting a negligence claim must prove: "(1) 'that the defendant owed a legal duty to the plaintiff,' (2) 'that the defendant breached or violated the legal duty,' (3) 'that the plaintiff suffered damages,' and (4) 'that the breach was a proximate cause of the damages suffered.' " *Demo v. Red Roof Inns, Inc.*, 274 F. App'x 477, 478 (6th Cir. 2008) (quoting *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993)). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Hampton v. Waste Mgmt. of Mich., Inc.*, 601 N.W.2d 172, 175 (1999). The parties are in agreement that Plaintiff was an invitee on Defendant's premises when the accident occurred. (*See* ECF Nos. 18 at Pg ID 94; 20 at Pg ID 202.)

---

[2] The parties are in agreement that Michigan substantive law applies to this case which is before the Court on diversity jurisdiction. (ECF Nos. 18 at Pg ID 88; 20 at Pg ID 194.); *see also Cudney v. Sears, Roebuck & Co.*, 21 F. App'x 424, 427-28 (6th Cir. 2001) (citations omitted).

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). This duty arises where there is "an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995) (internal quotation marks and citation omitted). This duty does not extend, however, to dangerous conditions that are open and obvious unless special aspects of the condition make even an open and obvious risk unreasonably dangerous. *Lugo*, 629 N.W.2d at 386. As summarized by the Michigan Supreme Court:

> [I]f the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.

*Bertrand*, 537 N.W.2d at 187.

An open and obvious condition is one " 'that an average person with ordinary intelligence would have discovered . . . upon casual inspection.' " *Wimberly v. Forman Mills, Inc.*, 574 F. App'x 621, 622 (6th Cir. 2014) (quoting *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94-95 (Mich. 2012). The Michigan Supreme

6

Court has advised that when applying this test, "it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 629 N.W.2d at 390. "The proper question is not whether *this plaintiff* could or should have discovered the [dangerous condition], but whether the [dangerous condition] was observable to the average, casual observer." *Price v. Kroger Co. of Michigan*, 773 N.W.2d 739, 742 (Mich. Ct. App. 2009) (citing *Novotny v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993); *see also Lugo*, 629 N.W.2d at 390 (explaining that the degree to which the plaintiff was paying proper attention is immaterial to the question of whether the condition of the premises was open and obvious).

While the danger of a condition may generally be open and obvious, there may be special aspects of the condition "that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe." *Bertrand*, 537 N.W.2d at 188. As the Michigan Supreme Court subsequently restated:

> Consistent with *Bertrand*, we conclude that, with regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the "special aspect" of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring recovery.

*Lugo*, 629 N.W.2d at 387.

The *Bertrand* Court provided some examples of when the obviousness of the danger may not relieve the premises owner of liability. For one, the Court explained that while the danger of tripping and falling on a step is generally open and obvious, there may be unique circumstances, such as the "character, location, or surrounding conditions," that render the area unreasonably dangerous. *Bertrand*, 537 N.W.2d at 189-90. Thus in *Bertrand*, the Court found the step at the defendant's place of business unreasonably dangerous because of its placement in relation to vending machines and a cashier's window, as well as the fact that the hinging of a door required the plaintiff—who was holding the door open for other customers coming from the opposite side of the door—to step back near the edge of the step. *Id*. at 192. The Court also indicated that "[s]uch reason to expect harm to the visitor from known or obvious dangers may arise . . . where the possessor [of the land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Id*. at 187. In such a case, the *Bertrand* Court advised, the open and obvious nature of the dangerous condition does not relieve the premises owner of a duty of reasonable care and he or she may be required "to warn the invitee, or to take other reasonable steps to protect him . . .." *Id*. (quoting Restatement Torts, 2d § 343A, comment f at 220). The Court subsequently stated

...

in *Lugo* that "only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious doctrine."[3]  629 N.W.2d at 387-88.

The Court first turns to the question of whether the uneven crack was open and obvious such that Defendant is relieved of any duty to Plaintiff, or whether some special aspects of the condition nevertheless justify imposing liability on Defendant.  The Court finds that a jury could reasonably conclude that the uneven crack was not open and obvious, and would prevent an average person of ordinary intelligence from discovering its danger.

Defendant directs the Court to Plaintiff's deposition testimony, where Plaintiff states that he does not recall anything obstructing his view.  (ECF No. 21 at Pg ID 303; *see also* ECF No. 18-3, Pg ID 127.)  Defendant argues Plaintiff's testimony demonstrates that the uneven crack was open and obvious.  (ECF No. 21 at Pg ID 303.)  However, it was dark when Plaintiff exited his vehicle.  (ECF No. 20 at Pg ID 189.)  Plaintiff was only able to take one or two steps before he tripped over the crack.  (*Id.* at Pg ID 189.)  He did not have an opportunity to casually inspect the area because the crack was next to the handicapped spot.  Plaintiff was looking forward, not down, as he walked towards the Speedway.  (*Id.* at Pg ID

---

[3] The examples of such a situation that the *Lugo* Court provided were "a commercial building with only one exit for the general public where the floor is covered with standing water" or "an unguarded thirty foot deep pit in the middle of a parking lot."  629 N.W.2d at 387.

207.)  When evaluating these facts, a reasonable juror could find that an average person of ordinary intelligence may not have noticed the uneven crack.

### B. Americans with Disabilities Act

Plaintiff also alleges that Defendant was negligent per se by failing to maintain their parking lot pursuant to 28 C.F.R. § 36.403 of the ADA.  (ECF No. 20 at Pg ID 197.)

Title III of the ADA prohibits a place of public accommodation from discriminating against an individual on the basis of disability.  The statute provides that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12188(a).  Plaintiff directs the Court's attention to 28 C.F.R. § 36.403 of the ADA, which governs alterations to path of travel.  28 C.F.R. § 36.403(a) provides that:

> An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities[.]

28 C.F.R. § 36.403(a).

Plaintiff argues that Defendant was required to "construct a path that is readily accessible to and useable by individuals with disabilities." (ECF No. 20 at Pg ID 197.)  However, Plaintiff's reliance on 28 C.F.R. § 36.403 is misguided.  As Defendant correctly points out, this section governs *alterations* made to a public accommodation.  (ECF No. 21 at Pg ID 298.)  There is no evidence that any alteration has been made to Defendant's premises.  Plaintiff notes that Defendant's store was constructed in 2006, after the enactment of the ADA.  (ECF No. 20 at Pg ID 197.)  Plaintiff also directs the court to the deposition testimony of Suzette Barrett, an employee who testified that the "defect has been present since the store opened in 2006."  (*Id.* at Pg ID 191.)  There is no genuine issue of fact on whether Defendant made alterations and therefore, Plaintiff fails as a matter of law to establish a claim pursuant to 28 C.F.R. § 36.403.

Other than 28 C.F.R. § 36.403, Plaintiff does not point to any specific standard of the ADA that is violated by the uneven crack.  Plaintiff makes vague references to the purpose of the ADA. (*See, e.g.*, ECF No. 20 at Pg ID 196; 200).  The purpose of Title III of the ADA is set forth in 42 U.S.C. § 12188(a): to prevent discrimination against individuals with disabilities.  The purpose of the ADA "is not to establish safety standards for walkways, and Title III of the statute, governing public accommodations and commercial facilities, provides no cause of action for damages in tort or under any other theory."  *Vansteenkiste v. Lakeside*

11

*Mall, LLC*, No. 12-CV-15055, 2014 WL 2744172, at *7 (E.D. Mich. June 17, 2014). Therefore, Plaintiff has failed to establish a breach of duty by Defendant pursuant to the ADA.

**V.     Conclusion**

For these reasons, the Court concludes that there is a genuine issue of material fact with respect to whether an ordinary user upon casual inspection would have discovered the uneven crack. A jury could reasonably infer that a casual inspection of the premises would not have revealed the uneven crack. As such, the Court concludes that Defendant is not entitled to summary judgment with respect to Plaintiff's premises liability claim.

The Court also concludes that Plaintiff has failed to establish a breach of duty by Defendant pursuant to 28 C.F.R. § 36.403.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment [ECF No. 18] is **GRANTED IN PART** as to Plaintiff's claim under 28 C.F.R. § 36.403;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [ECF No. 18] is **DENIED IN PART** with respect to Plaintiff's premises liability claim.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: December 21, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 21, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
